WARNER v. BILLINGS.

(Supreme Court, Appellate Division, Fourth Department. October 7, 1898.)

MORTGAGES—FORECLOSURE—PLEADINGS.

> In an action to foreclose a mortgage, it was error to strike out an answer alleging a tender of the amount due on the mortgage before the service of summons in the suit, since the defense bears on the right of plaintiff to maintain the action and on the question of costs.

Appeal from special term.

Action by Mary F. Warner against Wilhelmina Billings, impleaded. From a judgment for plaintiff and from an order striking out the answer, defendant appeals. Reversed.

Action to foreclose a real-estate mortgage upon 255.32 acres of land in the county of Livingston. The appellant is the owner in fee of the mortgaged property. Plaintiff submits a motion to dismiss the appeal from the order of June 27, 1898, striking out the appellant's answer, and also to dismiss the appeal from the judgment. The plaintiff moves to amend the order of June 27th. The defendant moves for a continuance of the stay of proceedings. The appellant appeals from the order striking out the answer, and also from the judgment entered after the appellant's answer was stricken out by the order of June 27th.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Henry M. Davis, for appellant.
Smith, Remington, Benedict & Castleman, for respondent.

PER CURIAM. 1. The motion to dismiss the appeal from the order and from the judgment should be denied. There is a conflict in the affidavits used upon the motion. The appellant in her affidavit says she never authorized the delivery of the agreement signed by her.

2. The motion made by the defendant for a continuance of the stay of proceedings should be denied. There is no further occasion for a stay.

3. The order striking out the answer should be reversed. The answer contains allegations of a tender of the amount due upon the mortgage, and alleges that it was made before suit was commenced by service of the summons and complaint upon the appellant. The answer was proper in form, so far as the tender was concerned; and if the facts are established at the trial as alleged, and the amount of the tender brought into court, the same should be considered in an equity action, as bearing upon the right of the plaintiff to maintain the action, as well as upon the discretion to be exercised as to the costs.

We think the order of June 27, 1898, should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. The judgment should be set aside, with disbursements to the appellant.